Florence STEWARD,
Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary, United States Department of Health and Human Services, Defendant–Appellee.

No. 87–2043.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 7, 1988.

Decided Oct. 7, 1988.
As Amended Nov. 2, 1988.

**1296**

Edward Lonergan, Doherty, Lonergan & Hovanesian, Cambridge, Mass., for plaintiff-appellant.

Donald T. McDougall, Asst. Regional Counsel for Dept. of Health and Human Services, Anton Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before FLAUM, MANION, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Florence Steward appeals from the district court's grant of summary judgment in favor of the Secretary of the United States Department of Health and Human Services ("Secretary"). Steward filed an application for disability insurance benefits and supplemental security income pursuant to §§ 216(i), 223(d), and 1614 of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423(d), and 1382c. In granting the Secretary's motion for summary judgment, the district court held that the Secretary's determination that Steward is not disabled was supported by substantial evidence.

Steward raises three issues on appeal. First, she contends that the Administrative Law Judge ("ALJ") who conducted her administrative hearing erred in concluding that her severe impairments, when considered in combination, do not equal a listed impairment. Second, Steward argues that the ALJ erroneously concluded that she is capable of performing her past relevant work. Finally, Steward contests the ALJ's rejection of her claim that the pain resulting from her impairments prohibits her from performing her past relevant work. Because we conclude that the Secretary's decision is supported by substantial evidence, we affirm.[1]

I.

On September 7, 1983, Steward filed an application for disability insurance benefits and supplemental security income. Steward alleged that she was disabled after August 4, 1983, as a result of numerous impairments, including severe arthritis, asthma, obesity, and hearing problems. *See* 42 U.S.C. §§ 416(i), 423(d), and 1382c. At the state agency level, Steward's application was initially denied and was denied again on reconsideration. As a result, Steward sought an administrative hearing on her claims. The hearing was held on December 13, 1984, before an ALJ. On January 24, 1985, the ALJ filed his decision; he concluded that Steward is not disabled within the meaning of the Act because she is capable of doing her "past relevant work." 20 C.F.R. § 404.1520(e). He further concluded that Steward's impairments, although severe, do not meet or equal a listed impairment. 20 C.F.R. § 404.1520(d). Steward requested that the Appeals Council review the ALJ's decision. The Council denied her request, and the ALJ's decision thereby became the final decision of the Secretary.

On July 29, 1985, Steward filed a complaint in federal district court seeking judicial review of the Secretary's decision. The parties filed cross-motions for summary judgment, and the case was referred to a magistrate. The magistrate concluded that the Secretary's decision on Steward's disability claim was supported by substantial evidence. As a result, the magistrate recommended that the district judge deny

---

1. Throughout this opinion we variously refer to the Secretary's decision and the ALJ's opinion. When the Appeals Council refused to review the ALJ's decision on Steward's claim, the ALJ's opinion became the final decision of the Secretary. Thus, in effect, the Secretary's decision is the ALJ's opinion. *See infra* at 1296.

Steward's motion for summary judgment, and grant the Secretary's motion. On May 28, 1987, the district court adopted the magistrate's recommendation and granted the Secretary's motion for summary judgment. Steward filed a timely notice of appeal.

## II.

Under the Social Security Act, a person is disabled if he or she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. § 1382c(a)(3)(A). To determine whether a claimant is disabled within the meaning of the Act, a five-step inquiry is employed.

> The following steps are addressed in order. (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step, or on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops [the] inquiry and leads to a determination that the claimant is not disabled. 20 C.F.R. § 404.1520 (1983).

*Garfield v. Schweiker*, 732 F.2d 605, 607 n. 2 (7th Cir.1984).[2]

In the present case, the ALJ concluded that Steward was not gainfully employed.[3]

He further determined that Steward's impairments, including osteoarthritis in her right knee, bronchial asthma, chronic bronchitis, chronic obstructive pulmonary disease, and obesity, were "severe" when considered together. The ALJ concluded that, although severe, Steward's impairments did not meet or equal a listed impairment in Appendix 1 of the Secretary's regulations. The ALJ also found that Steward was capable of doing her past relevant work. He therefore held that Steward is not disabled. As a result, the ALJ did not determine whether, considering Steward's age, education, past work experience, and residual functional capacity, she is capable of performing any other work within the national economy.

On appeal, our standard of review is essentially the same as the district court's; we must determine whether the Secretary's decision is supported by substantial evidence. *Garfield*, 732 F.2d at 607. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). If the Secretary's decision is supported by substantial evidence, we must affirm, 42 U.S.C. § 405(g), unless the Secretary made an error of law. *Garfield*, 732 F.2d at 607 (citing *Schmoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir.1980)).

## III.

Steward's first argument on appeal is that the ALJ's conclusion that her severe

---

**2.** The claimant bears the burden of proof on the first four steps of this five-step inquiry. *Johnson v. Weinberger*, 525 F.2d 403, 407 (7th Cir. 1975). If, however, a claimant establishes that he or she is not gainfully employed, has severe impairments, and his or her impairments either meet or equal a listed impairment or prevent the claimant from doing his or her past relevant work, the Secretary then bears the burden of establishing that the claimant is capable of performing some other type of work that is available in the national economy. *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir.1980).

**3.** Prior to her alleged disability, Steward worked as a receptionist at a half-way house for mentally impaired adults. At the time of the hearing Steward was working at the half-way house on weekends only. Steward's monthly earnings from this part-time work were insufficient to constitute substantial gainful work activity under 20 C.F.R. §§ 404.1574(b)(2) and 416.974(b)(2). The ALJ therefore correctly determined that Steward was not gainfully employed, as that term is defined under the Act.

impairments do not equal a listed impairment is not supported by substantial evidence.[4] 20 C.F.R. § 404.1520(d). Specifically, Steward contends that the ALJ failed to consider the combined impact of her impairments in making his equivalency determination. She argues that if all of her impairments are considered in combination they meet the listed impairment in § 1.03(c). Steward acknowledges that she did not have the specific surgery called for in § 1.03(c). She asserts, however, that she had a similar surgical procedure and that, contrary to the ALJ's conclusion, she has never returned to full weight-bearing status.

Once the Secretary finds that a combination of impairments is severe, these impairments must be considered in combination throughout the five-step disability determination process. 42 U.S.C. § 423(d)(2)(C). In the present case, it is clear from the ALJ's opinion that he did in fact consider the combined impact of all of Steward's impairments in determining that they neither meet nor equal a listed impairment. The ALJ specifically found that the medical evidence did not establish "that any of claimant's impairments, *either alone or in combination,* are severe enough to *either meet or equal* the requirements of any impairments listed in Appendix 1 of the Regulations." ALJ's Opinion at 7 (emphasis added). In regard to Steward's specific contention that her impairments equal the listing at § 1.03(c), the ALJ found that the medical evidence did not "establish that the claimant has had reconstructive surgery or a surgical arthrodesis of the right knee joint or has failed to return to full weight-

bearing status after such surgical procedure." *Id.* He therefore concluded that Steward's combined impairments did not meet or equal any listed impairment.

Steward's claim that she has never returned to full weight-bearing status was contradicted both by her own testimony, as well as by the reports of several physicians who examined her. Steward testified that she can walk 3–4 blocks without a cane, and can stand for approximately 30 minutes before the pain in her knee forces her to sit down. Dr. Brasch, a consulting physician who examined the claimant, indicated that Steward could walk 15 feet without a cane. Dr. Van Nguyen, another consulting/examining physician, stated that Steward was able to walk slowly around the examining room without any assistance. Although the evidence demonstrates that Steward's ability to walk, climb, stoop, and bend are limited by her arthritis, this evidence does not undermine the Secretary's conclusion that Steward failed to show that she has not returned to full weight-bearing status. She also does not dispute that the surgery she underwent is not the procedure required under § 1.03(c).

Moreover, the record is devoid of an opinion by any treating, consulting/examining, or non-examining physician that Steward's impairments, either alone or in combination, meet or equal any listed impairment. In contrast, the record does contain two opinions by consulting physicians that Steward's impairments do not meet or equal a listed impairment. Both Drs. Bergman and Kwedar reviewed Steward's records [5] and concluded that her impair-

---

**4.** Under Social Security Ruling 83–19, equivalency can be found under three circumstances:

  1. A *listed* impairment for which one or more of the specified medical findings is missing from the evidence but for which other medical findings of equal or greater clinical significance and relating to the same impairment are present in the medical evidence.

  2. An *unlisted impairment,* in which the set of criteria for the most closely analogous listed impairment is used for comparison with the findings of the unlisted impairment.

  3. A *combination of impairments* (none of which meet or equal a listed impairment), each manifested by a set of symptoms, signs,

and laboratory findings which, combined, are determined to be medically equivalent in medical severity to that listed set to which the combined sets can be most closely related.

**5.** Steward argues that Dr. Kwedar did not review all of the evidence in her file before rendering his opinion that her impairments do not equal a listed impairment. The evidence that Steward contends Dr. Kwedar failed to consider, however, was simply cumulative of the other evidence that he did have before him. Furthermore, Steward failed to demonstrate how the evidence that was not considered would effect the determination of medical equivalency.

ments are not the medical equivalent of a listed impairment. A doctor's signature on the specific form that both Dr. Kwedar and Dr. Bergman completed and signed "is proof that a physician designated by the Secretary has considered the question of whether the claimant's impairments are medically equivalent to an impairment as described in the Listing of Impairments." *Fox v. Heckler,* 776 F.2d 738, 742 (7th Cir.1985).

Steward correctly notes that in *Fox* we specifically held that although this type of evidence should be admitted and given "appropriate weight," the ALJ is not bound by a physician's opinion on the question of medical equivalency. *Id.* at 741 (citing Social Security Ruling 83–19). Steward contends that our opinions in *Whitney v. Schweiker,* 695 F.2d 784, 789 (7th Cir.1982), and *Allen v. Weinberger,* 552 F.2d 781, 786 (7th Cir.1977), required the ALJ to give little credence to the opinions of Drs. Bergman and Kwedar because they did not personally examine Steward, and Dr. Bergman's specialty may be unrelated to her impairments. Steward, however, failed to introduce any evidence contradicting these doctors' opinions on the issue of medical equivalency. As in *Garrison v. Heckler,* 765 F.2d 710 (7th Cir.1985), the reports of Steward's treating physicians simply did not go so far as to render an opinion on the issue in question—medical equivalency. Thus, although neither consulting physician who opined that Steward's impairments do not meet or equal a listed impairment examined her, these opinions were not contradicted by any other evidence in the record. Thus, the consulting physicians' reports did add something of value and were properly considered by the ALJ. Although the ALJ could have requested an updated opinion from a medical advisor on the question of medical equivalency, *see* Social Security Ruling 83–20, we cannot say that the uncontradicted evidence in the record required him to do so.

■ Finally, Steward asserts that the Secretary's decision cannot be upheld because the ALJ failed to clearly articulate his reasons for accepting the opinions of the consulting physicians over the opinions of Steward's treating physicians. An ALJ must minimally articulate his or her justification for rejecting or accepting specific evidence of disability. *Stephens v. Heckler,* 766 F.2d 284, 287–88 (7th Cir.1985). *See also Zblewski v. Schweiker,* 732 F.2d 75, 79 (7th Cir.1984) ("a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position."). But he or she need not provide a written evaluation of every piece of evidence that is presented.

■ In the present case, Steward did not present any substantial evidence to contradict the agency's position on the issue of medical equivalency. The opinions of Steward's treating physicians simply did not address this question. Thus, the ALJ did not reject specific evidence supporting Steward's position that her impairments meet or equal a listed impairment in favor of the contrary opinions of the Secretary's consulting physicians. It was therefore unnecessary for the ALJ to specifically articulate his reasons for accepting the consulting physicians' opinions on the question of medical equivalency. We hold that the Secretary's decision, that Steward failed to establish that her combined impairments meet or equal a listed impairment, is supported by substantial evidence.

## IV.

Steward's second argument on appeal is that the ALJ erred when he concluded that she is not disabled because she is capable of doing her past relevant work. The ALJ determined that Steward is capable of performing sedentary work, as long as she is not exposed to temperature extremes or atmospheric pollutants. As a result, the ALJ held that "[b]ecause the claimant has the residual functional capacity for sedentary work ..., she can return to her past relevant work as a receptionist." ALJ's Opinion at 8.

■ To determine if a claimant is capable of performing his or her past relevant work, an ALJ must compare the demands

of the claimant's past occupation with his or her present capacity. *Strittmatter v. Schweiker*, 729 F.2d 507, 509 (7th Cir.1984). In defining a claimant's past relevant work, Social Security Ruling 82–61 provides that:

Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be "not disabled" when it is determined that he or she retains the [residual functional capacity] to perform:

1. The actual functional demands and job duties of a particular past relevant job; or

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

Steward worked as a receptionist at a half-way house; this type of work is classified as "sedentary work" under the Secretary's regulations.[6] As she described her job, Steward was required to sit at a reception desk, use a loud speaker, and answer telephone calls and take messages. In addition, when the half-way house was short of nurses, Steward was required to go up on the floors to check on the patients. Steward testified that in total her job required her to sit approximately 5 hours a day and to walk or stand approximately 3 hours a day.

At the time of the hearing, Steward continued to work as a receptionist at the half-way house on weekends only.[7] Steward asserts that she could continue to work on the weekends because there were fewer telephone calls on those days,[8] public transportation was easier to take because it was less crowded on the weekends, and she was not required to check on patients on Saturdays and Sundays. Thus, although her basic responsibilities were the same on the weekends (with the exception of checking on patients), it was significantly easier for her to work on Saturdays and Sundays.

The parties dispute the importance of the responsibility of checking on the patients. The half-way house is located in a four-story building, and apparently the patients live on the upper floors. The medical evidence presented to the ALJ indicated that Steward is incapable of doing any significant climbing. The Secretary, however, argues that this limitation does not prevent Steward from doing the actual responsibilities of her past relevant job. According to the Secretary, Steward testified that there is an elevator in the half-way house, and the ALJ properly presumed that Steward would use this elevator to check on the patients living on the upper floors. Thus, the Secretary asserts, Steward's inability to climb stairs would not prevent her from performing any of the responsibilities of her position as a receptionist at the half-way house.

Steward, however, correctly points out that at the hearing she testified that "half the time the elevators don't work." The Secretary did not challenge this testimony. As a result, accepting as true Steward's uncontested assertion regarding the malfunction of the elevators at the half-way house, if Steward worked as a receptionist

---

6. Sedentary work is defined as follows:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

7. The fact that Steward continued to work at her old job on a part-time basis is not dispositive of her ability to do her past relevant work. It is, however, one factor that the ALJ could properly consider in evaluating Steward's disability claim.

8. Steward asserts that she suffers from a significant hearing loss. When examined by the Secretary's consulting physicians, however, Steward had no difficulty hearing a normal conversation at 6 feet. The ALJ also noted that she appeared to have no problem hearing the ALJ or counsel during the administrative hearing on her disability claim. Further, Steward has a hearing aid that significantly improves her hearing ability, but it apparently is not functioning properly. Steward admits that she has not sought any medical attention for her hearing problems, and has not had her hearing aid repaired, but she asserts that she cannot afford to do so.

at the house on a full-time basis she would occasionally be required to check on patients on days when the elevators were not working. The actual responsibilities of Steward's past relevant job could therefore require her to climb a significant number of stairs—a function both parties agree she is not presently capable of performing. Accepting Steward's testimony as true, it is therefore clear that she cannot perform the actual responsibilities of her past relevant job.[9]

The ALJ's incorrect presumption that Steward could check on the patients without being required to climb stairs, does not, however, require a remand in this case. Under the Social Security regulations Steward is considered "not disabled" if she is capable of doing the functional demands of her past occupation "as generally required by employers throughout the national economy." Social Security Ruling 82–61. *See Orlando v. Heckler*, 776 F.2d 209, 215 (7th Cir.1985) (in determining if a claimant is capable of performing his or her past relevant work, an ALJ may base his or her comparison "on the functional demands and job duties of the occupation as generally required by employers throughout the national economy.").

To determine if a claimant is capable of performing a particular job as it is ordinarily performed in the national economy, the Secretary refers to the Dictionary of Occupational Titles ("DOT"), which is published by the Department of Labor. 20 C.F.R. § 404.1566(d).[10] The DOT defines the occupation of receptionist as follows:

Receives callers at establishment, determines nature of business, and directs callers to destination: Obtains caller's name and arranges for appointment with person called upon. Directs caller to destination and records names, time of call, nature of business, and person called upon. May issue visitor's pass when required. May make future appointments and answer inquiries [INFORMATION CLERK (clerical)]. May perform variety of clerical duties [ADMINISTRATIVE CLERK (clerical)] and other duties pertinent to type of establishment. May collect and distribute mail and messages....

Steward argues that she cannot fulfill the responsibilities of a receptionist as that job is generally performed in the national economy because she cannot perform any secretarial or clerical duties.[11] It is clear from the DOT definition, however, that *clerical responsibilities are generally applicable only if the receptionist is an administrative clerk.* Thus, a general receptionist as defined in the DOT, appears to be responsible only for answering telephones, taking messages, and possibly delivering messages and mail.

■ The ALJ's findings indicate that Steward is capable of sitting for at least two hours at a time before she must get up and move about to relieve the pain and stiffness in her knee. Steward is also capable of doing a limited amount of walking and standing. Because the occupation of receptionist is sedentary, "periods of standing or walking should generally total no more than about 2 hours of an 8–hour workday, and sitting should generally total approximately 6 hours of an 8–hour work-

---

9. Dr. Bergman, a non-examining/consulting physician, indicated that in his opinion Steward could not perform the actual responsibilities of her receptionist job. Dr. Bergman's opinion was based on Steward's description of her job as requiring frequent bending, an activity Steward is not presently capable of performing. As Dr. Bergman noted, however, the DOT's description of the job of receptionist indicates that receptionists generally do not have to bend frequently, nor are they required to do any significant climbing or stooping. Social Security Ruling 83–10. Thus, Dr. Bergman concluded that Steward could do her past relevant work as that job is generally performed in the national economy.

Similarly, when the Department of Health and Human Services notified Steward that her claim was denied, the Department recognized that Steward could not perform the actual duties of her former job as she described them. The Department concluded, however, that Steward could perform her past relevant work as it is generally performed in the national economy.

10. Steward does not challenge the validity or applicability of the DOT definition of the occupation of receptionist.

11. Steward testified that her previous job did not entail any secretarial duties.

day." Social Security Ruling 83–10. Steward therefore does have the residual functional capacity to perform the job of receptionist as that occupation is generally performed in the national economy. Accordingly, we conclude that the ALJ's finding, that Steward is not disabled because she is capable of performing her past relevant work, is supported by substantial evidence.

### V.

Steward's final argument on appeal is that the ALJ erred in rejecting her testimony regarding the extensive pain she experiences as a result of her severe impairments. Steward contends that when her asserted pain is properly considered it is clear that she cannot perform her past relevant work as a receptionist, since she cannot meet the demands of her actual job or the demands of that occupation as it is generally performed in the national economy.

Evaluating Steward's testimony regarding the pain that she suffers, the ALJ stated that:

> The claimant was a pleasant woman with real physical problems, but her testimony alleging an inability to perform her past relevant work on a full[-]time basis was not fully credible. It was inconsistent with the objective evidence, her ordinary activities which include working at her past job on a part[-]time basis, and her lack of aggressive treatment expected in the care of an incapacitating condition.

ALJ's Opinion at 8. The ALJ further concluded that Steward's complaints of pain and swelling in her knee, low back pain, hearing loss, and chronic bronchitis, were not credible to the extent that they would prevent her from performing her past relevant work. *Id.* at 9.

Steward argues that the objective medical evidence supports her asserted pain, and therefore the ALJ's conclusion that she is capable of performing her past relevant work despite her pain is not supported by substantial evidence. Contrary to Steward's position, however, the ALJ did not totally discredit Steward's complaints of pain. Rather, the ALJ simply found that these complaints were not fully credible to the extent that they would prevent Steward from working as a receptionist.

An ALJ's credibility determinations are entitled to considerable deference. *Bibbs v. Secretary*, 626 F.2d 526, 528 (7th Cir. 1980). Steward did not present any evidence that casts doubt on the ALJ's finding that Steward's allegations of pain were not fully credible to the extent that the pain would prevent her from working as a receptionist. Although a more detailed discussion of Steward's alleged pain and its possible impact on her ability to perform her past relevant work would have aided our review of the Secretary's decision, we cannot say that the ALJ's opinion fell below the minimal level of articulation required by *Look v. Heckler*, 775 F.2d 192 (7th Cir.1985).

### VI.

We are sympathetic to the claimant's condition and the variety of severe impairments from which she suffers. We cannot find, however, that the Secretary's conclusion—that Steward failed to establish that she is disabled within the meaning of the Act—is not supported by substantial evidence.[12] The judgment of the district court is therefore AFFIRMED.

---

**12.** Although we conclude that the Secretary's decision is supported by substantial evidence and must therefore be affirmed, our confidence in the care with which the ALJ reviewed Steward's claim was undermined by the quality of the ALJ's opinion. In particular, we are disturbed that the ALJ apparently misread the reports of the two consulting physicians.

The claimant is 4 feet, 11 inches tall and has weighed between 150 and 180 pounds. She alleges that her obesity complicates her medical impairments and further undermines her ability to perform her past relevant work. In his opinion the ALJ acknowledged that Steward is 59 inches tall, or 4 feet, 11 inches. Yet, in the same opinion, the ALJ stated that both Dr. Van Nguyen and Dr. Brasch examined Steward and determined that she is 5 feet, 7 inches tall. If in fact the two consulting physicians had examined someone who was 5 feet, 7 inches tall,

there would be a significant question as to whether they had examined the same Florence Steward as the claimant who appeared at the administrative hearing.

The ALJ failed to note the possible significance of this substantial discrepancy in the claimant's height. A review of the actual physicians' reports reveals that in fact they both specified that Steward is 57 inches tall, or 4 feet, 9 inches. Although the physicians reported Steward's height as two inches shorter than her own testimony, this difference is of no significance in the final determination of disability. We note, however, that in a system where the standard of review on appeal is fairly deferential, these types of errors can contribute to undermining one's confidence in the thoroughness of the administrative hearing procedure.