**Samuel KOVACEVICH, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

No. S86–44.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 15, 1989.

James F. Korpal, South Bend, Ind., for plaintiff.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This is an action for judicial review of a final decision of the Secretary of Health and Human Services[1] denying plaintiff Samuel Kovacevich's application for Social Security disability benefits as provided by 42 U.S.C. § 423. Mr. Kovacevich suffers from back problems that he believes entitle him to Social Security disability benefits. The Secretary has filed a certified copy of the transcript of the record, including the evidence upon which the findings and decision were based. 42 U.S.C. § 405(g). Those findings are conclusive if supported by substantial evidence. *Id.; Davis v. Califano*, 603 F.2d 618, 625 (7th Cir.1979).

### Procedural Background

Mr. Kovacevich filed his application for benefits on March 27, 1984, stating that he became disabled on October 31, 1983 when a jack gave way while he was under a trailer fixing a flat tire. The Secretary denied his application. Mr. Kovacevich requested a reconsideration in a timely manner, which was denied. Consequently, Mr. Kovacevich requested an administrative hearing which was held at South Bend, Indiana, on July 22, 1985. Mr. Kovacevich was thirty years old at the time of the hearing. He attended school half way through the ninth grade and stated that the grades he received in grade school were "pure F's". He also stated that he has difficulty reading, writing, and spelling.

Mr. Kovacevich's employment history consists of working as a gas station attendant. Mr. Kovacevich described one of his jobs as involving daily book work, banking, pumping gas, washing windows, checking oil, running a cash register, stocking shelves, unloading cases of oil, soda pop, milk and groceries, and working on the car wash when it broke down.

The Administrative Law Judge ("ALJ") made the following findings with respect to Mr. Kovacevich:

1. The claimant met the disability insured status requirements of the Act on October 31, 1983, the date the claimant stated he became unable to work, and continues to meet them through June 30, 1988.

2. The claimant has not engaged in substantial gainful activity since October 31, 1983.

3. The medical evidence establishes that the claimant has severe lumbosacral strain, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's subjective complaints of pain and discomfort are considered grossly exaggerated and not credible in light of the opinions expressed by his treating and examining physicians, the lack of objective medical evidence to account for those complaints, and the claimant's appearance at the hearing coupled with his lack of any attempts to lose weight or exercise as directed by all of his treating physicians.

5. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for the ability to stand or walk for extended periods of time or to lift weights in excess of 15 pounds. There are no nonexertional limitations (20 CFR 404.1545).

6. The claimant is unable to perform his past relevant work as a gas station attendant.

---

1. The court has substituted Louis Sullivan, the present Secretary of Health and Human Services, as the defendant in this case pursuant to the automatic substitution provisions of Fed.R. Civ.P. 25(d).

7. The claimant has the residual functional capacity to perform at least the full range of sedentary work (20 CFR 404.1567).

8. The claimant is 29 years old, which is defined as a "younger individual" (20 CFR 404.1563).

9. The claimant has a "limited" education (20 CFR 404.1564).

10. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.

11. Section 404.1569 of Regulations No. 4 and Rule 201.24, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

Accordingly, the ALJ determined that Mr. Kovacevich was not entitled to a period of disability or disability insurance benefits. The Appeals Council denied Mr. Kovacevich's request for review, and this appeal followed.

In reaching its decision, the Appeals Council considered the report of an examination performed by Martin E. Feferman, M.D., dated September 23, 1985. That report was submitted after the ALJ's decision in the case. The information in the report indicated that Dr. Feferman successfully operated on Mr. Kovacevich on August 26, 1984 for a herniated disc. The treating physician found that Mr. Kovacevich could not perform heavy work as in his past relevant work as a service station attendant and that he would have considerable difficulty doing this in the near future. Dr. Feferman believed that it would take a long time for the strength in Mr. Kovacevich's leg to improve, perhaps a year or more. The Appeals Council found that the information in the report had no material bearing on the decision and would not change the ALJ's findings.

## Standard of Review

The Secretary has delegated his authority to make final decisions to the Appeals Council, see 20 C.F.R. §§ 404.900, 404.981, 416.1400, 416.1481, and the Appeals Council affirmed the ALJ's decision without modification. Accordingly, the court must review the decision of the ALJ. See Arbogast v. Bowen, 860 F.2d 1400, 1402–03 (7th Cir. 1988).

The United States Court of Appeals for the Seventh Circuit has summarized the five-step test that has been established to determine whether a claimant is disabled:

The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

Zalewski v. Heckler, 760 F.2d 160, 162 n. 2 (7th Cir.1985). Accord, Angevine v. Sullivan, 881 F.2d 519, 521 No. 88–2454, slip op. at 4 (7th Cir.1989); Steward v. Bowen, 858 F.2d 1295 (7th Cir.1988); Lauer v. Bowen, 818 F.2d 636, 638 (7th Cir.1987); Bauzo v. Bowen, 803 F.2d 917, 920 n. 1 (7th Cir. 1986). The fifth step governed the denial of Mr. Kovacevich's claim.

The court must determine whether the record as a whole contains substantial evidence to support the Secretary's finding. Waite v. Bowen, 819 F.2d 1356, 1360 (7th Cir.1987); Garfield v. Schweiker, 732 F.2d 605, 607 (7th Cir.1984); Whitney v. Schweiker, 695 F.2d 784, 786 (7th Cir.1982). The ALJ's findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Rhoderick v. Heckler, 737 F.2d

714, 715 (7th Cir.1984), *quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), taking into account anything in the record that fairly detracts from its weight. *Sears v. Bowen*, 840 F.2d 394, 398 (7th Cir.1988).

### The Parties' Arguments

Mr. Kovacevich generally contends that the denial of his benefits is not supported by substantial evidence. Specifically, he raises two challenges: first, that the ALJ failed to take into account testimony regarding his inability to have gainful employment, including the testimony of the claimant and his wife regarding his age, education, background, and a normal day in the claimant's life due to his injuries; and second, that the ALJ failed to take into account the letters from Dr. Curry and Dr. Niles regarding Mr. Kovacevich's physical impairments.

The Secretary contends that the decision of the ALJ and the Appeals Council is supported by substantial evidence. In particular, he submits that the only physicians who specifically assessed Mr. Kovacevich's ability to perform work-related activities were reviewing physicians Dr. Bloemker and Dr. Sheehan, who concluded that Mr. Kovacevich could lift and carry a maximum of fifty pounds occasionally and ten pounds frequently, that he could sit a total of about six hours in an eight hour day and could stand or walk a similar total, and that he was unlimited in reaching, handling, fingering, feeling, seeing, hearing, and speaking.

The Secretary also asserts that although none of the examining physicians assessed Mr. Kovacevich's ability to perform work-related activity with any specificity, even their generalized pronouncements were not inconsistent with sedentary work. Also, although Mr. Kovacevich asserts that the ALJ "failed to consider substantial evidence showing that the plaintiff was disabled from his former job", there is no dispute on that point since the ALJ found that Mr. Kovacevich was unable to perform his past relevant work as a gas station attendant.

With respect to Mr. Kovacevich's own testimony, the Secretary argues that the ALJ explicitly took the testimony into account and found it not credible. The Secretary points to certain inconsistencies such as Mr. Kovacevich's testimony that he had two herniated discs and one cracked vertebrae (A.R. 34), yet numerous X-rays beginning on the day of the accident revealed no fractures and only one disc was ever operated on for herniation. The Secretary also notes that in the application for benefits, Mr. Kovacevich stated that he had three herniated discs. The Secretary also refers to a report by Dr. Keucher that although Mr. Kovacevich stated that he had been unable to work as a mechanic since the injury, he had grease on his hands and around his fingernails.

The Secretary also points out that Mr. Kovacevich alleged that he was unable to lift anything, yet when he left the hospital against medical advice on January 25, 1985, Dr. Curry observed him walking without assistance and carrying his own suitcase. In light of these factors, the Secretary argues that it was well within the ALJ's discretion not to find Mr. Kovacevich's testimony credible.

### Discussion

As noted earlier, the ALJ found that Mr. Kovacevich suffered from a "severe lumbosacral strain", and the Appeals Council considered the report of Dr. Feferman that he had successfully operated on Mr. Kovacevich for a herniated disc. The ALJ also specifically noted the recommendations of Mr. Kovacevich's doctors that he needed to lose a significant amount of weight.

"If the claimant has inexcusably refused to follow prescribed medical treatment that would eliminate his total disability, then he isn't totally disabled." *DeFrancesco v. Bowen*, 867 F.2d 1040, 1043 (7th Cir.1989), *citing* 20 C.F.R. § 416.930(b); *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir.1988). As in *DeFrancesco*, Mr. Kovacevich has not argued that he was denied disability benefits because of his failure to lose weight. Lack of discipline, character, or

fortitude is not a defense to a claim for disability benefits. *Id.* at 1044. There is no serious dispute over Mr. Kovacevich's inability to resume his work as a service station attendant; the ALJ specifically found that Mr. Kovacevich cannot perform his past relevant work as a gas station attendant. This finding is in accord with the letters of Drs. Curry, Niles, and Feferman.

Dr. Curry's May 7, 1985 letter stated that:

At this time, I still consider Sam totally disabled for physical labor, although the amount of improvement that he has shown since surgery I feel will continue through the next few weeks and months. He should be able to begin rehabilitation training soon. I do, however, think that Sam will not be able to have a job such as he had before consisting of extensive physical labor or lifting.

(A.R. 228).

Dr. Niles' April 30, 1985 letter indicated that he felt Mr. Kovacevich should be ambulating daily, engaging in low back exercises, and going on a strict weight reduction program. Dr. Feferman's September 23, 1985 letter (which was submitted after the ALJ's decision, but was considered by the Appeals Council) stated that Mr. Kovacevich "is not able to do his previous heavy work as a service station attendant and I believe he will have considerable difficulty doing this in the near future." (A.R. 6).

These opinions are not inconsistent with the ALJ's finding that Mr. Kovacevich is unable to perform his past relevant work, but has the residual functional capacity to perform at least the full range of sedentary work. Although the ALJ did not specifically mention the letters from Dr. Curry in his opinion, the ALJ is not required to discuss every piece of evidence. The ALJ must articulate his rationale sufficiently to allow meaningful review and discuss specific evidence only if it is uncontradicted. *Walker v. Bowen,* 834 F.2d 635, 643 (7th Cir.1987).

Despite conflicting evidence as to the exact nature of Mr. Kovacevich's back problems, the record supports the Secretary's finding that Mr. Kovacevich retains the functional capacity to perform at least sedentary work. "When an ALJ decides a Social Security disability case, he or she necessarily must translate voluminous and often conflicting evidence into a simple finding of 'disabled' or 'not disabled.'" *Walker v. Bowen,* 834 F.2d at 644. It is clear that the opinions of reviewing physicians Bloemker and Sheehan were substantial evidence supporting the finding that Mr. Kovacevich could perform sedentary work. *See Steward v. Bowen,* 858 F.2d 1295, 1299 (7th Cir.1988).

As the Secretary has argued, the only evidence of record contrary to the ALJ's findings consisted of the subjective complaints of Mr. Kovacevich himself. The ALJ did not find Mr. Kovacevich or his wife to be credible witnesses. Because the ALJ's finding on pain was a finding based on Mr. Kovacevich's credibility, it is entitled to considerable deference, *Steward v. Bowen,* 858 F.2d at 1302, and may not be overturned unless patently erroneous on the "cold record". *Imani v. Heckler,* 797 F.2d 508, 512 (7th Cir.), *cert. denied* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986); *Szwandrok v. Bowen,* 658 F.Supp. 847, 849 (N.D.Ill.1987). The ALJ had ample opportunity to evaluate Mr. Kovacevich's credibility. In addition to Mr. Kovacevich's own testimony, the ALJ specifically noted that it is very unusual for a doctor to make specific reference to the claimant carrying his own suitcase, as Dr. Niles did in his discharge notes. Simply put, substantial evidence exists to support the ALJ's findings regarding Mr. Kovacevich's credibility.

A claimant may prove that he is disabled within the Social Security Act by subjective complaints if he shows: (1) evidence of an objectively adduced abnormality *and, either* (2) objective medical evidence supporting the subjective complaints issuing from the abnormality, *or* (3) that the abnormality is of a nature in which it is reasonable to conclude that the subjective complaints are a result of that condition. *Arbogast v. Bowen,* 860 F.2d 1400, 1404 n. 5 (7th Cir.

1988), *citing Veal v. Bowen*, 833 F.2d 693, 698 (7th Cir.1987); *Sparks v. Bowen*, 807 F.2d 616, 618 (7th Cir.1986). Thus, even if Mr. Kovacevich's subjective complaints were credible, the objective medical evidence conflicts regarding the full extent of his subjective complaints of disabling pain.

As the Secretary has pointed out, Dr. Feferman and Dr. Curry felt that Mr. Kovacevich had an objectively adduced abnormality, a herniated disc. A thermogram supported his subjective complaints, while electromyography contradicted them. Dr. Feferman felt that the bulging disc could reasonably cause Mr. Kovacevich's subjective complaints while Dr. Harding felt those same findings could not, and Dr. Niles noted that Mr. Kovacevich was neurologically intact. Since there is conflicting evidence as to whether Mr. Kovacevich met the criteria articulated in *Arbogast v. Bowen*, 806 F.2d at 1404, the role of this court is not to reweigh the evidence but simply to determine if the ALJ's finding of non-disability is supported by substantial evidence in the record. *Walker v. Bowen*, 834 F.2d at 640. *See Angevine v. Sullivan*, 881 F.2d at 521 (7th Cir.1989). After review of the entire record, the court agrees with the Secretary that substantial evidence supports the ALJ's finding of "not disabled".

### Conclusion

For the foregoing reasons, the court now DENIES the plaintiff's summary judgment motion, GRANTS the defendant's summary judgment motion, and AFFIRMS the Secretary's denial of disability benefits to the plaintiff.

SO ORDERED.