# In the
# United States Court of Appeals
## For the Seventh Circuit

—————

No. 03-2107

KENNETH SCHECK,

*Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

*Defendant-Appellee.*

—————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 4902—**Charles R. Norgle**, **Sr.**, *Judge.*

—————

ARGUED OCTOBER 21, 2003—DECIDED FEBRUARY 5, 2004

—————

Before BAUER, and DIANE P. WOOD, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-Appellant Kenneth Scheck brings this appeal to challenge an administrative law judge's (ALJ) finding that he was not entitled to disability insurance benefits. The Appeals Council of the Social Security Administration denied Scheck's appeal. Upon review, we find that substantial evidence supports the decision of the ALJ and we therefore affirm.

## BACKGROUND

In December of 1983 Scheck began experiencing back problems. That same month, he underwent anterior cervical fusion surgery to correct a herniated cervical disc. More than four years later, Scheck visited the Mayo Clinic for problems with shortness of breath, rising blood pressure, and difficulty walking, and bending. The results from the tests conducted at the Mayo Clinic were within normal limits. In April of 1993, Scheck was again admitted to the hospital with severe back pain and right leg pain. MRIs and CT scans were performed and ultimately, Scheck underwent a decompressive laminectomy. Scheck's date of last insured fell on December 31, 1994. There exists no other objective medical evidence until 1997. However, as this evidence deals with Scheck's condition after his date last insured, it will not be reiterated here.

Scheck filed for disability insurance benefits on November 13, 1997. His claim was heard by ALJ Jan E. Dutton who found him to be capable of performing his former job as a distribution warehouse manager. The Social Security Administration's Appeals Council denied Scheck's appeal. Therefore, the ALJ's decision was the final decision of the Commissioner of the Social Security Administration. Scheck filed suit in the district court, naming the Commissioner of the Social Security Administration, Jo Anne Barnhart, as defendant. *See* 42 U.S.C. § 405(g). The lower court disposed of the case by denying Scheck's motion for summary judgment and granting the Commissioner's cross-motion. Scheck appeals this decision.


## DISCUSSION

*Standard of Review*

"The standard of review in disability cases limits this court as well as the district court to determining whether the

final decision of the Secretary is both supported by substantial evidence and based on the proper legal criteria." *Ehrhart v. Secretary of HHS*, 969 F.2d 534, 538 (7th Cir. 1992) "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999) (*quoting Diaz v. Chater*, 55 F.3d 300, 305 (7th. Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001) (*quoting Diaz*, 55 F.3d at 305). Substantial evidence may be less than the weight of the evidence, *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966), and more than a scintilla, *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). Under this standard, the ALJ's decision, if supported by substantial evidence, will be upheld even if an alternative position is also supported by substantial evidence. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992).

*Statutory Fr*

*amework*

In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir. 1997); 20 C.F.R. § 416.920. It is undisputed that Scheck satisfies the first two requirements—he is not employed and his back impairments are severe within the meaning of the Social

Security Administration's regulations. This, however, is not enough to show that he is disabled. He must now show that his impairment is equal to a listing or that he retains insufficient residual functioning capacity to hold a job.

### Impairment Meets or Equals a "Listing"—Step 3

Scheck argues that the ALJ erred in not finding him disabled under section three of the five-step test. He claims that his back condition equals a listing entitled "other vertebrogenic disorders." *See* 20 C.F.R. § 404, Subpt. P, App. 1, Listings 1.05(c). This argument is contradicted by the reports of two state agency physicians. Those physicians filled out Disability Determination and Transmittal forms and stated that Scheck was not disabled through December 31, 1994. (R. at 90.) These forms conclusively establish that "consideration by a physician . . . designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." *Farrell v. Sullivan*, 878 F.2d 985, 990 (7th Cir. 1989); 61 Fed. Reg. 34466. The ALJ may properly rely upon the opinion of these medical experts. *Scott v. Sullivan*, 898 F.2d 519, 524 (7th Cir. 1990). So, substantial evidence supports a finding that Scheck did not meet or equal a listing. *Farrell*, 878 F.2d at 990.

### ALJ's Duty to Minimally Articulate

Scheck next argues that the ALJ failed in her duty to "minimally articulate his or her justification for rejecting or accepting specific evidence of disability." *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988) (internal citations removed). However, "he or she need not provide a written evaluation of every piece of evidence that is presented." *Id*. We find that the ALJ satisfied this duty to articulate.

In finding that Scheck did not meet or equal a listing, the ALJ stated,

> At step three of the sequential evaluation process, the undersigned [ALJ] must consider whether the Claimant's impairments, either singly or in combination, revealed the same or equivalent attendant medical findings as are recited in Appendix 1 to Subpart P of the Social Security Administration's Regulations No. 3, otherwise known as the "listings." In the instant case, the Claimant has not contended that his medically determinable impairments met or equaled the "listings," and the record contains no evidence which would support such a finding.

(Br. of Plaintiff-Appellant at A-7.)

Scheck claims that "[t]he ALJ's terse statement does not comply with the duty to 'minimally articulate' a conclusion that the record contains 'no evidence.'" (Br. of Plaintiff-Appellant at 23.) The argument can be disposed of by referring to *Steward v. Bowen*.

> In the present case, Steward did not present any substantial evidence to contradict the agency's position on the issue of medical equivalency. The opinions of Steward's treating physicians simply did not address this question. Thus, the ALJ did not reject specific evidence supporting Steward's position that her impairments meet or equal a listed impairment in favor of the contrary opinions of the Secretary's consulting physicians. It was therefore unnecessary for the ALJ to specifically articulate his reasons for accepting the consulting physicians' opinions on the question of medical equivalency.

*Stewart*, 858 F.2d at 1299.

The *Stewart* panel's reasoning is quite applicable here. The ALJ did not reject any evidence. Like *Stewart*, there

was *no evidence* which would support the position that Scheck met or equaled the listing. Also similar to the facts of *Stewart*, the letter from Scheck's treating physician, Dr. Heiferman, did not address the issue of medical equivalency. It was unnecessary for the ALJ to articulate her reasons for accepting the state agency physicians' determination of not disabled. *Id.*

*SSR 83-20: Onset Date*

Scheck claims that the ALJ violated SSR 83-20 by not consulting a medical expert in order to determine the onset date of his alleged disability. He argues that medical evidence from after his date last insured can be related back to the relevant time period to show disability. After wading through the record and reviewing the relevant case law, we find Scheck's arguments relating to onset date to be misplaced. SSR 83-20 addresses the situation in which an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time. *See, e.g., Lichter v. Bowen*, 814 F.2d 430, 434 (7th Cir. 1987); *Campbell v. Chater*, 932 F. Supp. 1072, 1075 (N.D. Ill. 1996); SSR 83-20. The ALJ did not find that Scheck was disabled, and therefore, there was no need to find an onset date. In short, SSR 83-20 does not apply.

*Residual Functioning Capacity—Steps 4 and 5*

Having failed at step three, Scheck must show that he has insufficient residual functioning capacity to perform his past work. *Stevenson*, 105 F.3d at 1154. In making such a determination, the ALJ must consider whether there is an underlying "determinable physical or mental impairment that could reasonably be expected to produce the symptoms." SSR 96-7p. Once this has been established, the ALJ

must further evaluate the "intensity, persistence, and functionally limiting effects of the symptoms" in order to find whether those symptoms "affect the individual's ability to do basic work activities." *Id.* As the ALJ noted, "[i]nherent in such analysis, of course, is an assessment of the Claimant's credibility." (Br. of Plaintiff-Appellant at A-7.) The credibility of the claimant is then considered in light of "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p. This finding on credibility must be supported in the ALJ's decision to a point where a reviewing court can discern the weight assigned to the individual's statements and reasons for that weight. *Id.*

In this case, the ALJ found that Scheck's medically determinable impairments could reasonably be expected to produce the type of symptoms discussed during the course of his testimony. Thus, she moved on and assessed the credibility of Scheck's testimony by looking at the objective medical evidence, the claimant's testimony, and a letter from Scheck's surgeon. She first addressed the objective medical evidence and noted that "there is a dearth of documentary medical evidence concerning Mr. Scheck's symptoms and treatment from June 2, 1989, his alleged onset date, to December 31, 1994, his date last insured, and in particular from June 2, 1989 to April 14, 1993, the date of his second surgery." (Br. of Plaintiff-Appellant at A-10.)  It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability. *See* 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment and how severe it is during the time you say that you were disabled."); *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987)

("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."). Scheck failed to support his claim.

While it is true that the ALJ has a duty to make a complete record, this requirement can reasonably require only so much. As this court noted in *Kendrick v. Shalala*, "[t]he difficulty is that no record is 'complete'—one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on. Taking 'complete record' literally would be a formula for paralysis." *Kendrick v. Shalala*, 998 F.2d 455, 456 (7th Cir. 1993). Nevertheless, the hearing transcript indicates that the ALJ attempted to make as complete a record as possible. Speaking about Scheck's attempts to obtain medical records from the Mayo Clinic, she said, "All right. I'll give you 30 days. If there is nothing received within 30 days I will make a decision based on which I—what I have, which as I have indicated already is not very much supporting an impairment prior to the date last insured. Okay?" (R. at 46) Scheck's attorney simply replied "very good." (R. at 46) Clearly, Scheck was aware that the ALJ considered there to be "a dearth of documentary medical evidence" and cannot fault the ALJ for his own failure to support his claim of disability.

The ALJ next looked to the letter from Dr. Heiferman, Scheck's surgeon. The ALJ noted that the letter was dated January, 1999—about four years after Scheck's date last insured. It was further noted that the record contained no office notes or medical records from April 14, 1993, when Dr. Heiferman performed surgery on Scheck, to December 31, 1994, Scheck's date of last insured. Finally, it is not unheard of that a personal physician "might have been leaning over backwards to support the application for disability benefits." *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982). We find no error in the ALJ's credibility determination. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000).

Scheck urges that the ALJ should have given more weight to the 1999 letter from Dr. Heiferman. He cites to various Social Security rulings and regulations which stand for the general proposition that more weight will be given to a treating physician's opinion partially because of its longitudinal view. *See generally* SSR 96-2p; 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 404.1527(d)(5); SSR 96-7p. The problem with this argument, as the ALJ noted, is that there is no longitudinal view from Dr. Heiferman; "Dr. Heiferman was unable to closely follow Mr. Scheck's progress after the April 14, 1993 surgery, due to the latter's move to Texas." (Br. of Plaintiff-Appellant at A-11.) It would be exceedingly illogical to credit a doctor's opinion because he is *more likely* to have a detailed and longitudinal view of the claimant's impairments when *in fact, there is no detail or longitudinal view*. In other words, the very reasons the Social Security regulations set out for giving substantial weight to a treating physician's opinion are absent in this case. The ALJ's assignment of little weight to Dr. Heiferman's letter was proper. *See Powers*, 207 F.3d at 435.

Finally, the ALJ addressed the credibility of Scheck's testimony and found it to be incredible. (Br. of Plaintiff-Appellant at A-12.) In doing so, she discussed much of the evidence that supported Scheck's claim of disability, including: Scheck's daily activities; the duration, frequency, and intensity of pain; precipitating and/or aggravating factors; dosage and effectiveness of medication; and the functional limitations placed on Scheck during the relevant time period. (Br. of Plaintiff-Appellant at A-9, 10.) She also addressed the objective medical evidence, as discussed above. (Br. of Plaintiff-Appellant at A-10 - A-12.)

"The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The other factors to be

considered by the ALJ are: (1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.* Clearly, the ALJ was aware of these requirements and followed them in making her decision. The credibility determinations of an ALJ are entitled to special deference and we see no reason to overturn her findings. *Powers*, 207 F.3d at 435. Such deference is especially proper in light of the fact that the ALJ adequately considered the *Polaski v. Heckler* factors.

Based on the above analysis, we hold that the ALJ did not err in finding that Scheck retained the residual functioning capacity to perform his past work as a distribution warehouse manager. The ALJ considered the objective medical evidence and the claimant's testimony in order to determine how his impairment affected his ability to do basic work activities. We further hold that the ALJ used the proper procedures in making her findings.

*Conclusion*

While the members of this court sympathize with Mr. Scheck due to his condition, that condition did not rise to the level of a disability within the context of this case. Therefore, we find that the ALJ's decision was supported by substantial evidence. We AFFIRM.

A true Copy:

Teste:

_____
***Clerk of the United States Court of
Appeals for the Seventh Circuit***