# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-3498

DOLLIE SMITH,

*Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART, Commissioner
of Social Security,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02-C-724—**Thomas J. Curran**, *Judge.*

_____

ARGUED SEPTEMBER 20, 2004—DECIDED OCTOBER 26, 2004

_____

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Under the rules governing social security disability benefits, an applicant who can perform his "past relevant work" (defined as substantial gainful employment that he had performed, in the not too remote past, long enough to have learned how to do it, 20 C.F.R. §§ 404.1560(b)(1), .1565(a)) is disentitled to benefits. §§ 404.1520(f), .1560(b)(3); *Wolfe v. Shalala*, 997 F.2d 321, 323 (7th Cir. 1993). On this basis the administrative law judge denied Dollie Smith's claim and the district court affirmed

the denial. Smith's past jobs had included tax preparer, director of a program for helping old people, and management and information specialist. All three jobs had required her to spend at least half her work time writing and typing. Among a really formidable list of ailments that precipitated her application for disability benefits is arthritis in both her hands which she testified makes it impossible for her to do as much writing and typing as her past jobs demanded. The administrative law judge determined, with we conclude substantial basis in the record, that despite her ailments Smith is able to do sedentary work; and since her past jobs were sedentary the judge concluded that she could do them and so he didn't have to go on to decide, as he would have had to do had he found her incapable of resuming her past relevant work, whether other jobs that she could perform exist in sufficient number in her region to preclude an award of benefits. *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004). The distinction can be crucial, as in a case in which the past relevant work no longer exists in the economy; nevertheless, if the applicant has the physical and mental ability to perform it, he is barred from obtaining disability benefits. *Barnhart v. Thomas*, 540 U.S. 20 (2003).

The administrative law judge's error, which requires us to remand the case to the Social Security Administration, lay in equating Smith's past relevant work to sedentary work in general. He should have considered not whether she could perform some type of sedentary work but whether she could perform the duties of the specific jobs that she had held. E.g., *Strittmatter v. Schweiker*, 729 F.2d 507 (7th Cir. 1984); *Lowe v. Apfel*, 226 F.3d 969, 972-73 (8th Cir. 2000); *Kirby v. Sullivan*, 923 F.2d 1323, 1326-27 (8th Cir. 1991); *Gunnels v. Bowen*, 867 F.2d 1121, 1123-24 (8th Cir. 1989). For example, selling tickets in a movie theater is a sedentary job, and one that does not require much if any writing or typing, and so we can assume that Smith's arthritis would not prevent her

from holding such a job. But selling tickets in a movie theater was not one of Smith's past relevant jobs. Those jobs required that she spend most of her time writing and typing.

Suppose, to demonstrate the starkness of the administrative law judge's error (which the district court repeated by failing to consider that Smith's past work had required that she be able to type and write for most of the work day), that in Smith's region there are no sedentary jobs that do not require more writing or typing than she is physically able to do. The logic of the judge's ruling would be that she nevertheless is not disabled because she can perform some sedentary work, and this would be flatly contrary to the law, as the cases cited above make clear. The basic principle is stated not only in the cases we have cited, all of which involve sedentary work (*Lowe* and *Kirby* are factually similar to this case), but in other cases, involving light or medium work, as well. *Nolen v. Sullivan*, 939 F.2d 516, 518-19 (7th Cir. 1991); *Schnorr v. Bowen*, 816 F.2d 578 (11th Cir. 1987); *Valencia v. Heckler*, 751 F.2d 1082, 1086-87 (9th Cir. 1985).

But a complication arises because, although a merely "similar" job, or the same "type of work," will not do as the applicant's past relevant work, *Evans v. Shalala*, 21 F.3d 832, 834 (8th Cir. 1994), the administrative law judge can "base his comparison on the functional demands and job duties of the [applicant's past] occupation as generally required by employers throughout the national economy." *Orlando v. Heckler*, 776 F.2d 209, 215-16 (7th Cir. 1985); see also *Steward v. Bowen*, 858 F.2d 1295, 1301 (7th Cir. 1988). As the Social Security Administration explains in a policy statement on which the courts have relied, on the one hand "a broad generic, occupational classification of [the applicant's past job], e.g., 'delivery job,' 'packaging job,' " will not do, but on the other hand an applicant who "cannot perform the

*excessive* functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy" should not be found to be disabled. Social Security Ruling 82-61 (emphasis added). The word we have italicized, which was omitted in the quotation from the ruling in the *Steward* and *Orlando* cases, is the key to threading the needle. The issue is not whether the applicant for benefits can return to the precise job he held, which is hardly likely to have been kept open for him, but whether he can return to a "job" he held that exists at other employers. However, the job must not be described so broadly as to encompass a range of physical and mental abilities some of which the applicant may not have; and that is the case if the job is described merely as "sedentary work." See also *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001). Picking out the line in an individual case is of course a task for the agency, subject to light judicial review; hence the need for a remand.

Yet it might appear that a remand would be futile because Smith, if she can do sedentary work, albeit not her past relevant work, would not be disabled. But that is not correct. Because she was above the age of 60 at the onset of the alleged disability, the government will have to prove either that Smith has skills that she can transfer to a new job with little or no difficulty or that she has recently completed education that would facilitate her "direct entry into skilled sedentary work." 20 C.F.R. 404 Subpart P, App. 2, §§ 201.00(d), (f), 201.06-.09; 20 C.F.R. §§ 404.1563(e), .1568(d)(4); *Tom v. Heckler,* 779 F.2d 1250, 1253-54 (7th Cir. 1985). And even then, if Smith's arthritis is found to be sufficiently severe (a matter for determination by the administrative law judge on remand), a vocational expert will have to be consulted to determine whether there are jobs that Smith can still

perform in reasonable proximity to where she lives. *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994).

VACATED AND REMANDED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*