Jerry ARMSTRONG, Plaintiff–Appellant,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 97–36073.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 1998.*

Decided Nov. 20, 1998.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

David B. Lowry, Portland, Oregon, for the plaintiff-appellant.

Renee C. McFarland, Assistant Regional Counsel, Social Security Administration, Seattle, Washington, for the defendant-appellee.

Before: NOONAN, THOMPSON, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

## I. OVERVIEW

Jerry Armstrong ("Armstrong") appeals a district court decision affirming the Administrative Law Judge's ("ALJ") decision denying him Disability Insurance Benefits ("DIB"). Armstrong filed applications for DIB and Supplemental Security Income ("SSI"). After a hearing, the ALJ found Armstrong disabled and awarded SSI but denied disability benefits. The district court affirmed and Armstrong appealed. On appeal Armstrong argues that the ALJ erred in failing to call a medical expert to determine the onset date of his disabilities. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

## II. BACKGROUND

Armstrong was born on November 11, 1940. He has a high school education and his work history includes work as an insurance salesman, janitor, bartender, and logger. Armstrong also owned his own janitorial service for fourteen years. Since 1986, when he gave up his janitorial business, Armstrong has worked very little. His most recent job was as a bartender, where he was terminated because he could not hear and had to take too many breaks. For the past thirty years, Armstrong's mental and physical condition has continued to deteriorate.

In 1959, Armstrong enlisted in the military. While in the service, Armstrong worked on helicopters. The noise caused Armstrong to suffer a thirty percent reduction in hearing ability, for which he receives veteran's benefits. Armstrong alleges that his ear injury has gotten progressively worse since his military service.

In 1964, Armstrong broke his back in a skydiving accident. After being in a cast for three months, Armstrong's back improved. However, approximately eight years later, Armstrong reinjured his back. This time, Armstrong had a laminectomy. The operation helped for a number of years, but Armstrong alleges his back has gotten progressively worse.

In 1986, Armstrong's wife left him after 26 years of marriage. Armstrong turned his janitorial business over to his children and began living in seclusion. Armstrong experienced depression and began drinking alcohol excessively. He supported himself by recycling aluminum cans.

In 1994, Armstrong was diagnosed with depression, dysthmic disorder and a schizoid personality. Currently, Armstrong is unable

to stand or sit for long periods of time, or walk more than a mile. Armstrong suffers from severe depression including crying spells, experiences severe headaches and dizzy spells, and has regular back and leg pain including cramps and muscle spasms.

Armstrong filed applications for DIB ·and SSI with a protective filing date of August 9, 1994. The application alleged that Armstrong had been disabled since May 15, 1991. After a hearing, the ALJ granted Armstrong's SSI application, finding that Armstrong had been disabled since August 9, 1994. However, the ALJ denied Armstrong's DIB application, finding that Armstrong was not disabled prior to March 31, 1992, the last date that Armstrong was insured. The district court affirmed the ALJ's decision and Morgan appealed.

### III. STANDARD OF REVIEW

■ A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Sousa v. Callahan,* 143 F.3d 1240, 1243 (9th Cir.1998). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Id.* This court affirms factual determinations supported by substantial evidence. *Saelee v. Chater,* 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sousa,* 143 F.3d at 1243.

### IV.· DISABILITY BENEFITS

■ Armstrong appeals the ALJ's decision denying him disability benefits. In order to obtain disability benefits, Armstrong must demonstrate that he was disabled prior to his last insured date. *See* 42 U.S.C. § 423(c). Armstrong's last insured date was March 31, 1992. Under the Social Security Act, Armstrong would be considered disabled when he became "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. § 1382c(a)(3)(A). Armstrong bears the burden of proof and must prove that he was

"either permanently disabled or subject to a condition which became so severe as to disable [him] prior to the date upon which [his] disability insured status expire[d]." *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995). Although Armstrong has the burden of proof, the ALJ has a duty to assist in developing the record. *DeLorme v. Sullivan,* 924 F.2d 841, 849 (9th Cir.1991).

■ After reviewing the record and hearing testimony, the ALJ and the district court concluded that there was insufficient evidence to prove that Armstrong was disabled before March 31, 1992. Armstrong argues that this conclusion is incorrect as a matter of law because the ALJ failed to call a medical expert to determine the onset date of Armstrong's disabilities. Armstrong also argues that substantial evidence does not support the ALJ's conclusion that Armstrong was not disabled before August 9, 1994. After reviewing the record, we hold that the date of onset is unclear and that the ALJ therefore committed reversible error by failing to call a medical expert before inferring an onset date.

Social Security Regulation ("SSR") 83–20 (1983) provides in relevant part that

> [i]n determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available.... [T]he established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.
>
> . . . .
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information

in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

In *DeLorme*, we held that in this context "should" means "must." 924 F.2d at 848. If the "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83–20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *Id.; see also Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir.1991) (reversing in part an ALJ's determination of the onset date of mental disorders without the assistance of a medical expert).

In this case, the record demonstrates that Armstrong suffered from various impairments prior to March 31, 1992. Armstrong suffered with increasing back pain and deteriorating hearing for over thirty years. After his wife left him in 1986, Armstrong quit his job and began living out of his truck, recycling aluminum cans to survive. He testified that he suffered from depression evidenced by crying spells going back as far as 1991 or 1992 and Armstrong has not engaged in meaningful employment since 1988.

The record, however, does not determine when those impairments became disabling. The ALJ chose the protective date to start providing benefits. Although Armstrong was disabled on August 9, 1994, that was not necessarily the date on which he became disabled. Indeed, in March 1994, Armstrong was diagnosed with numerous mental disorders including depression, dysthymia and feelings of social isolation. Although not diagnosed until 1994, Armstrong's depression could have been disabling long before that time. His wife divorced him in 1986 and since 1988 Armstrong has not engaged in meaningful employment. Moreover, Armstrong testified that he has suffered from depression evidenced by crying spells since before his disability insurance expired. The record also shows that Armstrong has for the last 30 years experienced deteriorating health problems. Exactly when Armstrong's various impairments became disabling is unclear. Therefore, the ALJ was required to call a medical expert to aide in determining the date of onset. *Morgan*, 945 F.2d at 1082–83; *DeLorme*, 924 F.2d at 848–49.

The Commissioner of Social Security ("Commissioner") argues that the ALJ did not err in refusing to call a medical expert because Armstrong did not fulfill his burden of proving that he was disabled prior to March 31, 1992. If, as the Commissioner, argues an ALJ does not have to call a medical expert unless the claimant has fulfilled his burden of proving an onset date, SSR 83–20 would have no application. If the claimant proved a date, there would be no need to call a medical expert, and if the claimant, as in this case, was unable to prove a date, then the ALJ would deny disability benefits because the claimant failed to carry his burden. We refuse to interpret the claimant's burden as eliminating SSR 83–20's requirement. Consequently, we reaffirm this court's previous holding that where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date.

■ However, in so holding, we do not relieve Armstrong and other DIB claimants of their ultimate burden to prove disability before expiration of disability insured status. Armstrong must still prove he was disabled while he was insured. SSR 83–20 only requires that the ALJ assist the claimant in creating a complete record. Rather than just inferring an onset date, which would deny a claimant benefits, SSR 83–20 requires that the ALJ create a record which forms a basis for that onset date. The ALJ can fulfill this responsibility by calling a medical expert or where medical testimony is unhelpful, exploring lay evidence including the testimony of family, friends, or former employers to determine the onset date. However, after the ALJ has created a record and has a basis for selecting an onset date, the claimant who wishes to challenge that date bears the burden of proof. Finally, we note that the medical expert's testimony and any challenges should be evaluated in the same manner as ALJ's evaluate other medical testimony and according to SSR 83–20.

After reviewing the record in this case, we believe it is unclear when Armstrong's dis-

abilities became disabling. We therefore reverse the district court decision and direct that this case be remanded to the ALJ with instruction to call a medical expert to determine when Armstrong became disabled.

REVERSED and REMANDED.