**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GARY D. SAM,
          *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE,
          *Defendant-Appellee.*

No. 08-35108

D.C. No.
CV-07-00085-RRB

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
August 7, 2008—Anchorage, Alaska

Filed December 15, 2008

Before: Dorothy W. Nelson, A. Wallace Tashima and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Paul B. Eaglin, Eaglin Law Office, Fairbanks, Alaska, for the plaintiff-appellant.

Terrye E. Shea, Assistant Regional Counsel, Social Security Administration, Office of General Counsel, Seattle, Washington, for the defendant-appellee.

## OPINION

PER CURIAM:

Gary D. Sam, who suffers from a degenerative condition affecting his cervical spine, appeals the district court's affirmance of an administrative law judge's ("ALJ") order denying Sam disability insurance benefits under Title II of the Social Security Act. The ALJ found Sam ineligible for benefits because he was not disabled on or before the date he was last insured, March 31, 1997. Sam argues that the ALJ was required by Social Security Ruling 83-20 (1983) ("SSR 83-20") to utilize a medical expert to infer the onset date of Sam's current condition in order to determine whether that condition arose during the time Sam was eligible for disability insurance benefits. We hold that SSR 83-20 does not require a medical expert where the ALJ explicitly finds that the claimant has never been disabled, and therefore affirm the denial of benefits.

## I.

We review de novo a district court's order upholding the Commissioner of Social Security's denial of benefits. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The ALJ's underlying determination "will be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation marks omitted).

## II.

Sam filed an application for disability insurance benefits in 2003, claiming he became unable to work in 1993 because "[his] back, legs and arthritis made it too difficult to work" and that he was still disabled as of the date of the application. Specifically, he said arthritis and problems with his neck ver-

tebrae limited his ability to work because he is "in pain all the time."

At his July 2006 hearing before an ALJ, Sam submitted medical records from physicians who examined or treated him or reviewed source opinions from other doctors. The medical records he provided that predated March 31, 1997, his date last insured, reported on ear infections and alcohol withdrawal symptoms, with no mention of the impairments he has claimed as disabling. His medical records for the years after March 1997 reflected treatments for neck pain, headaches, cervical spine degeneration, depression and knee and shoulder pain.

Noting there were only "very sparse medical records" for the period before March 1997 and that the medical evidence did not otherwise support a severe impairment before that date, the ALJ found that Sam had no severe impairments on or before his date last insured and thus was not disabled within the meaning of the Social Security Act ("the Act"). *See Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (per curiam) (holding only disabilities existing before date last insured establish entitlement to disability insurance benefits). The ALJ further found that Sam currently had a "medically determinable impairment" due to "degenerative changes of the cervical spine," but "was not under a 'disability' as defined in the Social Security Act at any time through the date" of his decision and denied him benefits.

The Appeals Council of the Social Security Administration denied Sam's request for review of the denial of Title II benefits, thereby making the ALJ's decision the Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §§ 404.981, 422.210 (2007). The district court affirmed the ALJ's decision and Sam timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## III.

Relying on SSR 83-20, Sam argues that the ALJ erred by not consulting a medical expert for assistance in inferring an onset date of disability. He argues that SSR 83-20 applied because his alleged onset date (November 1993) and his date last insured (March 1997) are remote in time, and because the ALJ found that Sam had established medically determinable degenerative changes of the cervical spine, a progressive impairment. This is the only basis on which Sam contests the ALJ's decision.

**[1]** As a general matter, SSR 83-20 sets forth guidelines for determining the onset date of disability. It directs that the judgment regarding the onset date of disability "must have a legitimate medical basis" and that the ALJ "should call on the services of a medical advisor when onset must be inferred." SSR 83-20. We have explained this ruling to mean that "[i]n the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991).

**[2]** We reject Sam's contention that SSR 83-20 is applicable to his case. The onset date of disability is defined in the ruling as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20. Because the ALJ found that Sam was not disabled "*at any time* through the date of [the] decision" (emphasis added), the question of *when* he became disabled did not arise and the procedures prescribed in SSR 83-20 did not apply. *See Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004) ("SSR 83-20 addresses the situation in which an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time.").

**[3]** Sam's reliance on *DeLorme* as well as *Armstrong v. Commissioner of the Social Security Administration*, 160 F.3d 587 (9th Cir. 1998), and *Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir. 1991) (per curiam), is misplaced because in those cases there was either an explicit ALJ finding or substantial evidence that the claimant was disabled at some point after the date last insured, thus raising a question of onset date. Here, the ALJ explicitly found that Sam was not disabled at any time. In light of this finding, which is supported by substantial evidence, the ALJ was not required by SSR 83-20 to introduce a medical expert into the process. We therefore affirm the district court's decision upholding the ALJ's denial of disability insurance benefits.

**AFFIRMED.**