**William S. BRINEGAR, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 08–35594.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2009.

Filed July 17, 2009.

Michael A. Bliven, Esquire, Anderson & Bliven, Kalispell, MT, Paul Bradford Eag-

lin, Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

Allan D. Berger, Dorrelyn Kay Dietrich, Social Security Administration, General Counsel's Office, Sandra Krider, Office of General Counsel, Denver, CO, for Defendant–Appellee.

Before: PREGERSON, RYMER and TASHIMA, Circuit Judges.

## MEMORANDUM *

William S. Brinegar ("Brinegar") appeals the district court's decision affirming the Commissioner of Social Security's denial of disability insurance benefits. We affirm.

■ The Administrative Law Judge ("ALJ") did not err by rejecting the treating physician's opinion. "The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir.2001) (*quoting Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998)). Here, the ALJ provided specific and legitimate reasons for rejecting the treating physician's opinion, and the rejection was supported by substantial evidence.

Social Security Ruling ("SSR") 96–2p did not require the ALJ to give deference to the treating physician's opinion, because the ALJ appropriately found that the treating physician's opinion was not " 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic tests." SSR 96–2p, 1996 WL 374188 at *2–*3.

■ The ALJ had no duty to re-contact the treating physician. The duty to re-contact a treating physician is only triggered when the evidence received from the physician "is inadequate for [the Commissioner] to determine whether [the claimant is] disabled." 20 C.F.R. § 404.1512(e); *see also Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir.2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Here, the record was adequate and allowed the ALJ to make a proper evaluation of Brinegar's disability claim. Accordingly, the ALJ did not err by not re-contacting Brinegar's treating physician.

■ Finally, the ALJ was not required under SSR 83–20 to use a medical expert to infer a disability onset date. The ALJ found that Brinegar "was not disabled … at any time through the date of this decision." Accordingly, the ALJ was not required to use a medical expert. *See Sam v. Astrue,* 550 F.3d 808, 809 (9th Cir.2008) ("We hold that SSR 83–20 does not require a medical expert where the ALJ explicitly finds that the claimant has never been disabled").

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.