**Robert F. HORN, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.**

**No. 08–35237.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2009.

Filed Aug. 27, 2009.

Paul Bradford Eaglin, Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

Nancy Albert Mishalanie, Social Security Administration, Office of The General Counsel, Seattle, WA, Richard L. Pomer-

oy, Assistant U.S., Office of The U.S. Attorney, Anchorage, AK, for Defendant–Appellee.

Before: FARRIS, THOMPSON and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Robert F. Horn (Horn) challenges the district court's judgment affirming the Commissioner of Social Security's denial of Horn's application for disability insurance benefits. We affirm the district court's judgment.

■ Because the administrative law judge (ALJ) determined that Horn was not disabled, the ALJ was not required to consult a medical expert pursuant to Social Security Regulation (SSR) 83–20, 1983 WL 31249 (1983). *See Sam v. Astrue*, 550 F.3d 808, 809 (9th Cir.2008) ("SSR 83–20 does not require a medical expert where the ALJ explicitly finds that the claimant has never been disabled . . .").

■ The ALJ did not err in determining Horn's residual functional capacity, because the objective medical evidence "reasonably supports the ALJ's decision." *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir.2008) (citation omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1229 (9th Cir.2009).

The ALJ provided the requisite specific findings in rejecting Horn's testimony regarding the severity of his pain. *See Bray*, 554 F.3d at 1226–27; *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir.1995).

* This disposition is not appropriate for publication and is not precedent except as provided

■ The ALJ did not fail to fully develop the record, as the objective medical evidence was not ambiguous or inadequate regarding Horn's condition. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir.2005) ("The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous.") (citation omitted).

**AFFIRMED.**