**Margaret D. DEBERRY,
Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SE-
CURITY ADMINISTRATION,
Defendant–Appellee.**

No. 08–35832.

United States Court of Appeals,
Ninth Circuit.

Submitted, Oct. 9, 2009 *.

Filed Nov. 6, 2009.

---

* This case was submitted for decision on the briefs and record without oral argument. Fed. R.App. P. 34(a)(2).

Arthur W. Stevens, III, Black, Chapman, Webber, Stevens, Petersen & Lundblade, Medford, OR, for Plaintiff–Appellant.

Stephanie R. Martz, Esquire, SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, Adrian Lee Brown, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: O'SCANNLAIN and N.R. SMITH, Circuit Judges, and WHYTE,** District Judge.

---

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM ***

Margaret DeBerry ("DeBerry") appeals the district court's decision affirming the Commissioner of Social Security's denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*

DeBerry asserts that the ALJ: (1) did not properly apply Social Security Regulation 83–20; (2) erred in rejecting the opinion of Dr. Ruth Lowengart; (3) failed to give specific clear and convincing reasons for finding that DeBerry's testimony was not credible; (4) failed to account for the corroborating testimony of DeBerry's husband; and (5) based his decision on an incomplete hypothetical question asked of the vocational expert. We find no prejudicial error and affirm.

1. *SSR 83–20*

█ The ALJ determined that DeBerry was not disabled prior to June 30, 1992, the last date she was insured. If the ALJ had found that DeBerry was disabled and that the medical evidence was not definite as to the onset date, SSR 83–20 would have required that the ALJ enlist a medical expert to assist in drawing inferences from the record to determine a remote date of onset. *Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587, 590 (9th Cir.1998); *DeLorme v. Sullivan,* 924 F.2d 841, 848 (9th Cir.1991). However, because the ALJ found that DeBerry was not disabled, the need for a medical expert to assist in inferring an onset date did not arise. *See Sam v. Astrue,* 550 F.3d 808, 810 (9th Cir.2008) ("Because the ALJ found that Sam was not disabled ..., the question of *when* he became disabled did not arise and the procedures prescribed in

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

SSR 83–20 did not apply.") Moreover, nothing in *Armstrong* or *DeLorme,* relied upon by DeBerry, implies an obligation upon the ALJ to place great weight on, or defer to, medical expert testimony that is taken on the issue of an onset date. To the contrary, the ALJ is to evaluate medical expert testimony in the same manner as any other medical testimony. *See Armstrong,* 160 F.3d at 590.

■ DeBerry asserts in her summary of argument and in an argument heading in her opening brief that "[t]he ALJ also failed to properly apply SSR 99–2p, on CFS and fibromyalgia, to this case." However, she does not argue that contention with any specificity in her opening brief. She neither cites to any evidence or legal authority nor explains what SSR 99–2p required the ALJ to do that he did not do. We, therefore, decline to consider the issue. *See Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n. 2 (9th Cir.2008) (citing *Paladin Assocs., Inc. v. Mont. Power Co.,* 328 F.3d 1145, 1164 (9th Cir.2003) (noting that we "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief")).

### 2. *Dr. Lowengart's Testimony*

■ The ALJ improperly used as a reason for discounting the opinion of Dr. Lowengart her "apparent extreme deviation from accepted medical practice." The ALJ described several of Dr. Lowengart's conclusions in her treatment notes as "substantially exceed[ing] the bounds of acceptable medical practice" and said that Dr. Lowengart's views "appear to be grossly inconsistent with modern medicine/science." These comments are unsupported in the record and appear based upon the ALJ's own research and views. The ALJ erred in using his personal conclusion regarding Dr. Lowengart's deviation from

accepted medical practice as a factor in rejecting Dr. Lowengart's opinion as unreliable. However, the error was harmless because the ALJ gave several specific and legitimate other reasons supported by substantial evidence for rejecting Dr. Lowengart's opinion that DeBerry was disabled. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005).

■ First, the ALJ found that Dr. Lowengart's conclusions are generally not supported by specific and complete clinical findings and are inconsistent with other medical reporting of record. The ALJ pointed to Dr. Lowengart's own treatment notes, evaluations by other medical sources, and contemporaneous evidence from the medical record. Contradictions between a doctor's opinions and medical findings are a legitimate reason to question credibility. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir.2004) (ALJ may discredit treating physician's opinion that is unsupported by medical findings). Second, the ALJ properly disregarded Dr. Lowengart's opinion that DeBerry was incapable of full-time work since 1992 because the opinion was contradicted by other medical physicians who reviewed the records and reached a contrary conclusion and because "treating practitioners in the intervening years have noted periods when the claimant is pain free, feeling great, not limited in activities of daily living, with the claimant's 'history' of fibromyalgia under reasonable control." DeBerry contends that the "other medical physicians" were non-examining agency physicians and that evidence from them cannot constitute "substantial evidence" justifying the rejection of an opinion of an examining or treating physician, such as Dr. Lowengart. Although Dr. Lowengart is currently a treating physician, she has no personal knowledge of DeBerry's condition during

the applicable period and offered her opinion that DeBerry was disabled during that period based on a retrospective review of the medical records. Thus, for purposes of her disability opinion derived from her review of historic medical records, Dr. Lowengart was in no different position than any other non-treating physician. *See Magallanes v. Bowen,* 881 F.2d 747, 754 (9th Cir.1989) (noting that a treating physician offering a retrospective opinion, with no personal knowledge of the claimant's historical condition, was little different from any non-treating physician with regard to that time period and was not entitled to enhanced deference merely because of his status as a treating physician). Therefore, the ALJ did not err in rejecting Dr. Lowengart's opinion because it was contradicted by the opinions of two other physicians who had also reviewed the medical records.

### 3. *DeBerry's Testimony*

██ The ALJ did not err in his treatment of DeBerry's testimony because he gave clear and convincing reasons for disbelieving DeBerry's testimony about the severity of her symptoms. First, the ALJ stated that DeBerry's allegations of disability were disproportionate to the objective findings in the medical record, noting, among other things, that the medical records showed acute periods of illness of only short duration. Second, the ALJ noted that DeBerry's reported activities, despite her impairments, were inconsistent with her claimed limitations. Third, the ALJ noted inconsistencies in DeBerry's statements in the record, such as her contentions that she had difficulty standing and walking and had "markedly reduced" stamina which were contradicted by her report to a nurse practitioner shortly thereafter that she walked one to three miles a day.

### 4. *Testimony of DeBerry's Husband*

██ The ALJ also did not err in his treatment of the lay testimony of DeBerry's husband. Contrary to DeBerry's argument, the ALJ accepted Mr. DeBerry's testimony to the extent that it described Mr. DeBerry's perceptions. The ALJ, however, found that his testimony did not provide a sufficient basis to alter the residual functional capacity assessment. Fairly considered, the testimony constitutes evidence that DeBerry's symptoms were sufficiently severe so as to have "negatively impacted" Mr. and Mrs. DeBerry's lives prior to her date last insured, but nothing within the testimony contradicts the residual functional capacity determination made by the ALJ.

### 5. *Hypothetical Question Posed to Vocational Expert*

██ The ALJ did not err in his posing of a hypothetical question to the vocational expert. The hypothetical contained a description of DeBerry's age, education, and past relevant work experience, together with all of the residual functional capacity limitations found by the ALJ to be present. The question would have been improper only if the ALJ's residual functional capacity assessment was erroneous, but it was not.

**AFFIRMED.**