**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 07 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


DILYS E. BLAIR-BAIN,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

Defendant - Appellee.

No. 08-35460

D.C. No. 3:07-CV-00501-KI

MEMORANDUM *

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted July 9, 2009
Portland, Oregon

Before: PREGERSON, RYMER, and TASHIMA, Circuit Judges.

Dilys E. Blair-Bain appeals from the order of the district court affirming the

Commissioner of Social Security's denial of her claim for social security disability

benefits. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The determination of the administrative law judge (ALJ) not to credit Blair-Bain's claims as to the extent of her impairment was supported by substantial evidence. The records provided by Drs. Sargent, Becker and Burkhardt demonstrate that, through 2004, more than a year after her last date insured, Blair-Bain was engaged in significant daily activities. Dr. Sargent concluded that Blair-Bain "is in reality doing a full days [sic] work & that she needs to be aware of this," and "[r]einforced the fact that she is maintaining the household and her energy levels are appropriate for what she is doing." While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Blair-Bain's activity here supports the ALJ's finding that Blair-Bain's reports of her impairment from fibromyalgia prior to the last date insured were not credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (upholding ALJ's adverse credibility determination because "[t]he record reflects that claimant has normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances"). Furthermore, the lack of objective medical evidence supporting Blair-Bain's allegations with respect to her limitations during the relevant period supports the adverse credibility determination. While an ALJ

2

may not base an adverse credibility determination solely on the lack of objective evidence, when combined with other evidence in the record, the lack of evidence permits an adverse inference as to the claimant's credibility.  *See Stubbs-Danielson*, 539 F.3d at 1175; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The determination not to credit the opinions of Dr. Kemple and Dr. Deodhar was supported by substantial evidence.  The ALJ found that Blair-Bain had severe fibromyalgia, but did not credit Dr. Kemple's opinion that Blair-Bain "has medically determinable problems presenting a 'substantial pattern of work impairment.'"  The ALJ provided at least two supportable bases for rejecting Kemple's opinion.  First, the ALJ noted that Kemple's opinion was not consistent with medical evidence in the record – specifically, Kemple's own notes from 2003, and Dr. Sargent's notes.  The ALJ also noted that Kemple's diagnoses of other ailments were not based on clinical findings, and so accorded them little weight.  These were specific and legitimate reasons for discounting Dr. Kemple's opinion as to Blair-Bain's disability.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Likewise, the ALJ appropriately rejected Dr. Deodhar's diagnoses as to ailments other than fibromyalgia, as they were based on Blair-Bain's discredited subjective complaints and were not based on objective medical findings.  *See*

*Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001). Blair-Bain contends

that Dr. Deodhar *did* make medical findings with respect to fibromyalgia; however,

even if it were error to reject Dr. Deodhar's diagnosis of fibromyalgia, the error

was harmless, because it was "inconsequential to the ultimate disability

determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.

2006). The ALJ did find that Blair-Bain had severe fibromyalgia, and Dr. Deodhar

did not identify specific limitations associated with Blair-Bain's fibromyalgia.

Because Blair-Bain's father did not identify functional limitations or

impairments that existed before the last date insured, the ALJ's failure to discuss

the father's survey responses was harmless. *Id.* at 1056. Because the ALJ found

that Blair-Bain was not disabled prior to the last date insured, we have no cause to

remand under SSR 83-20. *See Sam v. Astrue*, 550 F.3d 808, 810-11 (9th Cir.

2008).

AFFIRMED.

4

Blair-Bain v. Astrue, No. 08-35460

Pregerson, J., dissenting:

Fibromyalgia is a poorly understood disease within the medical community and poses challenges to disability determinations.[1] I disagree with the majority's conclusion that the ALJ's decision in this fibromyalgia case was supported by substantial evidence. I would remand to the district court with instructions to remand to the Commissioner for a new assessment of Blair-Bain's residual functional capacity.

The ALJ erred when she discounted the opinions of the specialists who examined and treated Blair-Bain. This court has "made it clear that the medical opinions of a claimant's treating physicians are entitled to special weight and that, if the ALJ chooses to disregard them, 'he must set forth specific, legitimate reasons

---

[1] As we have observed, "[f]ibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community." Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004). See also Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996) (stating that "[o]f greatest importance to disability law, [fibromyalgia's] symptoms are entirely subjective.") Fibromyalgia "is diagnosed entirely on the basis of the patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed-upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis." Benecke, 379 F.3d at 590. To affirm the ALJ's adverse credibility determination, the majority relies on the "lack of objective medical evidence" supporting Blair-Bain's testimony of her limitations. Given that fibromyalgia's symptoms are subjective and clinical tests are unavailable, I cannot agree with the majority's reasoning.

for doing so, and this decision must itself be based on substantial evidence.'" Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)). Furthermore, the Commissioner "generally give[s] more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5). "Specialized knowledge may be particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community." Benecke, 379 F.3d at 594 n.4. "Rheumatology is the relevant specialty for fibromyalgia." Id.

I disagree with the majority's conclusion that the determination not to credit the opinions of Dr. Kemple and Dr. Deodhar—both rheumatologists and therefore specialists in the relevant field—was supported by substantial evidence. The ALJ erred by attributing no weight to the opinions of Dr. Kemple and Dr. Deodhar because her decision to discredit their opinions was not based on "specific, legitimate reasons." Embrey, 849 F.2d at 421 (emphasis added). With respect to Blair-Bain's fibromyalgia, the ALJ only credited treating rheumatologist Dr. Kemple's opinion to the extent that Dr. Kemple reported that Blair-Bain's subjective pain reports were consistent with fibromyalgia. The ALJ gave examining rheumatologist Dr. Deodhar's assessment of fibromyalgia "no weight as

-2-

it is merely a recitation of impairments provided by the claimant, allegedly based on a 10-year history that is uncorroborated in any fashion." The ALJ further discredited the diagnosis of fibromyalgia altogether, asserting that it is "nothing more than recitations of [Blair-Bain's] subjectively reported history."

To the contrary, Dr. Kemple and Dr. Deodhar properly utilized the limited means available for diagnosing fibromyalgia. Diagnosing fibromyalgia is different from diagnosing other diseases for which there are diagnostic tests. See Sarchet, 78 F.3d at 307 (observing the "unavailability of objective clinical tests" to determine the severity of fibromyalgia). Furthermore, the ALJ makes no mention of the fact that Dr. Kemple and Dr. Deodhar are both rheumatologists. They are specialists in the field relevant to fibromyalgia, and as such their opinions are generally given more weight. Benecke, 379 F.3d at 594 n.4; 20 C.F.R. § 404.1527(d)(5). The ALJ did not explain why greater weight was not afforded their opinions in this case. Instead, the ALJ gave neither rheumatologist's opinion the weight it deserved.

I also do not agree that substantial evidence supported the ALJ's conclusion that Blair-Bain was engaged in significant activities of daily living. The evidence does not show that Blair-Bain's limited daily activities took up a "substantial part" of her day or that they would be "transferable to a work setting." Vertigan v.

-3-

Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

I would remand this case to the ALJ to reassess Blair-Bain's residual functional capacity.