MEMORANDUM *
Dilys E. Blair-Bain appeals from the order of the district court affirming the Commissioner of Social Security’s denial of her claim for social security disability benefits. We affirm.
The determination of the administrative law judge (ALJ) not to credit Blair-Bain’s claims as to the extent of her impairment was supported by substantial evidence. The records provided by Drs. Sargent, Becker and Burkhardt demonstrate that, through 2004, more than a year after her last date insured, Blair-Bain was engaged in significant daily activities. Dr. Sargent concluded that Blair-Bain “is in reality doing a full days [sic] work & that she needs to be aware of this,” and “[rjeinforced the fact that she is maintaining the household and her energy levels are appropriate for what she is doing.” While it is true that “one does not need to be ‘utterly incapacitated’ in order to be disabled,” Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir.2001), the extent of Blair-Bain’s activity here supports the ALJ’s finding that Blair-Bain’s reports of her impairment from fibromyalgia prior to the last date insured were not credible. See Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir.2009); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir.2008) (upholding ALJ’s adverse credibility determination because “[t]he record reflects that claimant has normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances”). Furthermore, the lack of objective medical evidence supporting Blair-Bain’s allegations with respect to her limitations during the relevant period supports the adverse credibility determination. While an ALJ may not base an adverse credibility determination solely on the lack of objective evidence, when combined with other evidence in the record, the lack of evidence permits an adverse inference as to the claimant’s credibility. See Stubbs-Danielson, 539 F.3d at 1175; Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).
The determination not to credit the opinions of Dr. Kemple and Dr. Deod-har was supported by substantial evidence. The ALJ found that Blair-Bain had severe fibromyalgia, but did not credit Dr. Kem-ple’s opinion that Blair-Bain “has medically determinable problems presenting a ‘substantial pattern of work impairment.’ ” The ALJ provided at least two supportable bases for rejecting Kemple’s opinion. First, the ALJ noted that Kemple’s opinion was not consistent with medical evidence in the record — specifically, Kemple’s own notes from 2003, and Dr. Sargent’s notes. The ALJ also noted that Kemple’s diagnoses of other ailments were not based on clinical findings, and so accorded them little weight. These were specific and legitimate reasons for discounting Dr. Kem-ple’s opinion as to Blair-Bain’s disability. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005). Likewise, the ALJ appropriately rejected Dr. Deodhar’s diagnoses as to ailments other than fibromyalgia, as they were based on Blair-Bain’s discredited subjective complaints and were not based on objective medical findings. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). Blair-Bain contends that Dr. Deodhar did make medical findings *88 with respect to fibromyalgia; however, even if it were error to reject Dr. Deod-har’s diagnosis of fibromyalgia, the error was harmless, because it was “inconsequential to the ultimate disability determination.” Stout v. Comm’r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.2006). The ALJ did find that Blair-Bain had severe fibromyalgia, and Dr. Deodhar did not identify specific limitations associated with Blair-Bain’s fibromyalgia.
Because Blair-Bain’s father did not identify functional limitations or impairments that existed before the last date insured, the ALJ’s failure to discuss the father’s survey responses was harmless. Id. at 1056. Because the ALJ found that Blair-Bain was not disabled prior to the last date insured, we have no cause to remand under SSR 83-20. See Sam v. Astrue, 550 F.3d 808, 810-11 (9th Cir. 2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.