# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**


May 12, 2010

*Before*

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*


No. 09-2722

| | |
|---|---|
| NARY KHENG, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern |
| | District of Illinois, Eastern |
| *v.* | Division. |
| | |
| MICHAEL J. ASTRUE, Commissioner | No. 08 C 3786 |
| of Social Security, | |
| *Defendant-Appellee*. | Susan E. Cox, *Magistrate Judge*. |


Upon consideration of the government's petition for panel rehearing in this case (which was consolidated with No. 09–2270), the slip opinion issued on March 12, 2010, is amended as follows. The sentence on page 10 of the slip opinion stating (citations omitted) that "the administrative law judge should have determined whether the plaintiff's ailments are at present totally disabling, and, if so, he should have retained a medical expert to estimate how grave her condition was in March 2004" is deleted and is replaced with the following sentence:

> The administrative law judge should either have determined whether the plaintiff's ailments are at present totally disabling, and, if so (see *Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam)), have retained a medical expert to estimate how grave her condition was in March 2004, the last date before her coverage expired,

*Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 513 (7th Cir. 1999); *Grebenick v. Chater*, 121 F.3d 1193 (8th Cir. 1997); see also *Eichstadt v. Astrue*, 534 F.3d 663, 666–67 (7th Cir. 2008); *Allord v. Barnhart*, 455 F.3d 818, 822 (7th Cir. 2006); or the judge should have determined directly whether the plaintiff was totally disabled by then—but in making that determination he must (as under the first approach) consider *all* relevant evidence, including the evidence regarding the plaintiff's condition at present. See, e.g., *id.*; *Anderson v. Sullivan*, 925 F.2d 220, 222 (7th Cir. 1991); *Ray v. Bowen*, 843 F.2d 998, 1005 (7th Cir. 1988).

The petition for rehearing is granted to the extent that the panel has made the above change, but is otherwise denied.