NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL GESCHKE, | No. 08-35840 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00323-MAT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Submitted August 6, 2010[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, NOONAN and BERZON, Circuit Judges.

Appellant Carol Geschke began receiving disability benefits in December 1994. On April 13, 2003, the Social Security Administration ("SSA") determined she had engaged in substantial gainful activity ("SGA") from 1995 to 2001. As a result, the SSA notified Geschke that, after imputing a "trial work period" and an "extended period of eligibility," her benefits would be terminated retroactively as of December 1998.

After the SSA denied Geschke's request for reconsideration, an administrative law judge ("ALJ") held two hearings and ultimately agreed with the SSA's determination. The Appeals Council of the SSA denied Geschke's request for review, making the ALJ's decision final and subject to judicial review. *See* 20 C.F.R. §§ 404.981, 422.210. The district court affirmed the ALJ's decision, and Geschke timely appealed.

We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291. We review the district court's judgment de novo and the ALJ's underlying decision for substantial evidence. *Sam v. Astrue*, 550 F.3d 808, 809 (9th Cir. 2008).

Geschke contends that the decision to terminate her benefits as of December 1998 was time-barred. *See* 20 C.F.R. § 404.988 (providing that a "determination"

or "decision" of the SSA may be reopened within one year for any reason or within four years for good cause). In so arguing, Geschke relies on what appear to be internal SSA printouts related to "Continuing Disability Reviews" as well as annual notices from the SSA automatically increasing her benefits due to her earnings during the prior year. These documents, however, do not reflect any prior "determination" or "decision" by the SSA that Geschke was eligible for disability benefits during the relevant time period. *See id.* § 404.902. The earliest such determination was the SSA's "initial determination" on April 13, 2003.

Geschke alternatively argues that the SSA cannot terminate disability benefits retroactively, noting that certain regulations and statutory provisions governing disability determinations are phrased in the present tense. While verb-tense is an important consideration for interpreting a statute or regulation, it must be viewed in light of the overall structure and purpose of the statutory or regulatory scheme. *See Coal. for Clean Air v. S. Cal. Edison Co.*, 971 F.2d 219, 224-25 (9th Cir. 1992). Other regulations and statutory provisions belie Geschke's interpretation barring retroactive determinations. *See, e.g.*, 42 U.S.C. § 404; 20 C.F.R. §§ 404.504, 404.509, 404.1594(g).

Geschke further contends that the SSA cannot deem her ineligible for disability benefits without first making a finding of medical improvement.

3

Medical improvement, however, is irrelevant where SGA is at issue. *Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 293 (9th Cir. 1992).

Geschke also raises several arguments pertaining to her hearing before the ALJ. She contends that the SSA lost or destroyed documents and that the ALJ improperly allocated the evidentiary burden, admitted hearsay evidence into the record, failed to subpoena a necessary witness, and made an implied adverse credibility finding without stating specific reasons. As to her spoliation argument, Geschke has not established an adequate basis for drawing an adverse inference against the SSA. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). The ALJ, moreover, properly allocated the burden of proof in light of the presumption of ineligibility created by Geschke's earnings. *See Byington v. Chater*, 76 F.3d 246, 251 (9th Cir. 1996). And, while some evidence admitted into the record was hearsay, the ALJ did not rely on this evidence to render his decision. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (providing that "the court will not reverse an ALJ's decision" for an error that is "inconsequential to the ultimate nondisability determination" (internal quotation marks omitted)). In addition, because the ALJ reasonably concluded that the SSA's counsel was not a necessary witness to decide the claim before him, he did not abuse his discretion by declining to compel her testimony. *See* 20 C.F.R. §

4

404.950(d)(1), (2). The record also does not reflect any adverse credibility finding against Geschke, and thus no statement of reasons to support such a finding was required.

Finally, Geschke raises several arguments pertaining to the SSA's efforts to recoup the benefits she received, her entitlement to waiver of recoupment, and the onset date of the expedited reinstatement of her benefits. These contentions, however, must first be properly presented to the SSA and subjected to the prescribed sequence of review. *See* 20 C.F.R. §§ 404.900, 404.902; *see also, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (internal quotation marks omitted)).

**AFFIRMED**.

*Geschke v. Astrue*, No. 08-35840
Berzon, Circuit Judge, concurring:

I fully concur in the disposition. I wish to note, however, that the long delay in determining that Geschke was engaged in substantial gainful activity, combined with the circumstance that her earnings were being reported to the Social Security Administration (SSA) and were recognized by the SSA in notices increasing her benefits, may well render recoupment inappropriate under the standards articulated in 42 U.S.C. § 404(b), providing for waiver of recoupment where the recipient is "without fault" and "recovery...would be against equity and good conscience."